IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                      )
                                            )   Case No. 06-04487
LIFETIME MARKETING, INC.,                   )   Chapter 11
                                            )   Judge A. Benjamin Goldgar
                                            )
Debtor/Debtor-in-Possession.                )

## INTERIM ORDER AUTHORIZING
## INTERIM USE OF CASH COLLATERAL

AT Chicago, Illinois in said District before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, this ___ day of April, 2006:

THIS MATTER COMING TO BE HEARD upon the Motion of LIFETIME MARKETING INC., Debtor and Debtor in Possession herein, for authority to use cash collateral pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001 of the Federal Rules of Bankruptcy Procedure having been provided; no objections having been interposed; this Court having determined that the Debtor's use of cash collateral to cover the expenditures set forth on Exhibit A to the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion; and this Court being fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

A)   The Debtor is authorized to use cash collateral during the period April 21, 2006, through May 14, 2006, to the extent set forth on Exhibit A to the Motion plus no more than ten percent (10%) of the total proposed expenditures, unless otherwise agreed by UPS Capital Business Credit ("UPS").

B)   In return for the Debtor's interim use of cash collateral, UPS is granted the following adequate protection for their purported secured interests:

   1.   The Debtor will permit the UPS to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

1

2. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

3. The Debtor shall, upon reasonable request, make available to UPS evidence of that which constitutes their collateral or proceeds;

4. UPS shall be granted a valid, perfected, enforceable, security interest in and to Debtor's post-petition assets which are now or hereafter become property of this estate, only to the extent of the use of cash collateral and to the extent of the validity of its alleged pre-petition liens; and

5. The Debtor shall execute any documents that may be reasonably required by UPS to evidence the post-petition liens granted in lettered Paragraph (D), above;

C) A final hearing on the Motion is scheduled before this Court on May 15, 2006, at 10:00 a.m.

ENTER: _____
JUDGE

01 MAY 2006

**DEBTOR'S COUNSEL**
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603
(312) 641-6777